[No. 6638.]

# JACKSON HARDWARE & IMPLEMENT CO. V. LA PLATA COUNTY.

1. TAXATION—*County Board of Equalization—Record—Presumptions*—Where the record of the county board of equalization shows that the board met and organized at the time fixed by law, for the purpose of equalizing the values of the properties of the county for the same year, that they gave the proper notices, and were in session for the proper time, an increase ordered in the value of specific properties of particular tax payers, and a reduction in those of others, is presumed, the record as a whole being reasonably susceptible of such conclusion, to have been made as an incident to the equalization of the different properties in the county. And this presumption ought not to be overcome by innuendoes, or even by statements in the minutes, pertaining to other matters—(266).

And evidence of a statement by one who was chairman of the board, both when the increase was made, and when a claim for a refund of the tax was rejected by the board of county commissioners, made on the later occasion, to the effect that the board made the increase from the value of the properties of the complaining payer, without considering the valuaton of other similar properties, was held properly rejected—(267, 268).

2. EVIDENCE—*Presumptions—That officers perform their duty—Evidence to overcome*—Doubted if the unsworn statement of a member of the board of county commissioners, acting as

such, is admissible to impeach the record of another board, with distinct and different duties and functions, and acting on a different occasion even though he was a member and chairman of each of the boards, on both occasions—(267, 268).

*Error to La Plata District Court.*—HON. CHARLES A. PIKE, Judge.

Messrs. PERKINS & MAIN, for plaintiff in error.

Mr. J. H. PULLIAM, Mr. BARRY SULLIVAN, Mr. DAN B. CAREY, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

The plaintiff in error, a corporation, conducting a hardware business in the city of Durango, La Plata county, owned a stock of merchandise subject to assessment and liable for taxes for the year 1903. It furnished to the county assessor a schedule of its property subject to taxation for that year, which included its stock of merchandise with an alleged value placed thereon by it of $14,000. Upon September 10, 1903, the board of county commissioners, sitting as a board of equalization, ordered that the assessed valuation of this stock of merchandise be raised from $14,000 to $17,000. The company was duly notified of this order, and at a later date appeared before the board in response to such notice and protested against the increase. The protest was overruled; the increase was made and extended, by the county assessor, upon the tax roll, and so certified to the county treasurer for collection. The company took no further action pertaining to it until March 14, 1904, at which time it tendered to the county treasurer as payment in full for all of said taxes $1216.02, being an amount sufficient to pay the taxes upon said property, had it been assessed at the value of $14,000. This tender was de-

clined.  Upon the same date the company paid, on account of its taxes, $695, and thereafter, at different times, sundry amounts, until upon May 15, 1906, it paid the remainder due upon this property as certified to the treasurer, including interest and penalties.  A portion of this tax was paid under protest, being intended to cover the amount including penalties and interest upon this increased valuation.  Before the date of the last payment the treasurer, or his deputy, orally advised the officers of the corporation that if the balance was not paid a distraint warrant would have to be issued therefor.  Upon July 23, 1907, the corporation filed its verified claim with the board of county commissioners asking for a rebate for the amount of these alleged excess taxes, penalties and interest.  This claim was disallowed; the company brought this suit to recover $277.71, being the difference including interest and penalties as it alleges in the taxes upon the property when assessed at $14,000 and as increased to $17,000.  The judgment was in favor of the defendant.

The case appears to have been tried upon the theory that under a state of facts as above set forth, with proper allegations of erroneous values, the plaintiff had the right to bring this action and in this manner test the regularity and the the validity of the proceedings pertaining to the assessment and levying of the taxes upon its property.

It is claimed by counsel for the plaintiff in error pursuant to the provisions of the Revenue Act of 1902, general sections 5639 to 5641, inclusive, Revised Statutes 1908, that a taxpayer, where the assessed value of his property exceeds $7500, is now by law placed in the anomalous position of being in a worse situation where the assessor assesses his property at a correct valuation, than if the assessor places an excess value thereon, be-

cause in the latter instance he can appeal from the action of the assessor, as an assessor, to the assessor sitting as a reviewing board, and from thence to the courts; but, in the first instance, the assessor having correctly valued the property, if the county board of equalization increases it, there is no relief for the reason that in such cases where the value fixed is in excess of $7500, and the assessment is increased by the county board of equalization, the statute makes no provision for an appeal from their decision to the courts; hence, the only remedy is to pay the tax under protest, and then bring an action to recover the excess.

The county board of equalization is a board established by the constitution, by the terms of which certain of its duties are prescribed and defined, among which are "to adjust and equalize the valuation of real and personal property within their respective counties." If any portion of the act of 1902 attempts to take away from them these duties, it would have to give way to the provisions of the constitution, but it is unnecessary, pertaining to this question, to place any construction upon the different sections of the Revenue Act of 1902 for the reason, accepting (without determining) that this is the proper method to test the regularity of the proceedings leading up to and covering this tax, we are of opinion that the attempted case made by the plaintiff fails to disclose anything which would invalidate the tax.

It is contended that in making the order for this increase in value, the board of county commissioners were evidently attempting to act under the law in existence prior to the adoption of the act of 1902, that a portion of the language of their record was taken from the old law, for which reason it is alleged it shows that they disregarded the limitation placed upon their powers by

the new law. That portion of their record pertinent, as abstracted, reads as follows:

. · "September 1, 1903, board organized as a board of equalization for the purpose of correcting and equalizing assessments in the county for the year 1903.  *  *  *

"Thursday, September 3, 1903. Continues as a board of equalization.  *  *  *.

·  . "Friday, September 4, 1903.· The board continued this day  *  *  as a board of **equalization,**  *  *  *.

"Monday, September 5, 1903, the board continued this day as a board of **equalization.**  *  *  *.

"Tuesday, September 8th, the board continued this day as a board of equalization,  *  *  *.

"September 9, 1903, the board continued this day as a board of equalization.  *  *  *.

· Thursday, September 10, 1903. Now on this 10th day of September, 1903, the board, sitting as a board of equalization, for the purpose of correcting and completion to the assessment roll of La Plata county, Colorado, for the year 1903, and after careful examination of said rolls and schedules and all the assessments therein, and being fully advised in the matter, do hereby order the following increases and reductions to be made in the said assessment roll: namely  *  *  *  The Jackson Hardware & Implement Company is raised from fourteen thousand dollars ($14,000) upon merchandise to seventeen thousand dollars ($17,000.00)  *  *  *.

·  " *  *  *  September 15th, the board continued this day as a board of equalization, hearing complaints of those dissatisfied with·changes made in their assessments at the first meeting of the board of equalization.  *  *.

.:  · " *  *  *  September 17, 1903.  The board this day continued  *  *  *  as a board of equalization to hear complaints of those dissatisfied with changes made

in their assessment at the first meeting of the board of equalization, and after having carefully examined the different schedules and listened to all complaints filed and entered verbally, hereby order that the following changes be made. *  *  *."

It is contended as it appears in the minutes of the meeting of September 1st, the words "for the purpose of correcting" and in the minutes of September the 10th the words "for the purpose of correcting and completion to the assessment roll of La Plata county," that this clearly shows that the board was unadvised as to the change made in their former powers by the statute of 1902, as this language was omitted in the later act, and in its place was inserted a phrase "for the adjustment and equalizing of the assessment among the several taxpayers of their respective counties;" that the powers conferred by the two statutes were different and the board must have proceeded under the old statute; that under the new law the board had no power to make any increase or decrease in the value of the property except as an incident to adjusting and equalizing, otherwise it had no power or authority in the premises, save that in one particular instance it may reduce an excessive valuation upon any given item of property, for which reasons the attempted increase in this case was void.   General section 5638, Revised Statutes 1908 reads:

"Except as an incident to equalization the county board of equalization shall have no power whatever to make any increase or decrease in the total amount of the valuation of the property of the county as set forth in the assessment roll.   The power of said board shall be to adjust and equalize the valuation of the property set forth in the assessment roll, and it shall exercise no other power and shall have no other authority in the premises.   Ex-

cept that, if it shall appear that in one or more instances an item or items of property in any given class is assessed above its true value, and it shall also appear that all other items in such class are assessed at the true value, then, in such case and in such case only, the said board shall abate the excess valuation."

It is not to be presumed that clerks of county boards of equalization are always possessed with sufficient legal knowledge and training to enable them to write out and have entered their proceedings in the most perfect, legal, technical form. When this record is considered as a whole it is sufficient to show that the board met and organized at the time fixed by law as a board of equalization under the provisions of the act of 1902 and that it met for the purpose of equalizing the value of property in that county for that year under its statutory and constitutional powers.

The record further discloses, that they ordered increased the value of certain specific properties of certain persons; that they likewise ordered decreased the value of certain specific properties of other persons, and, while the record does not so state in specific language, it is reasonably susceptible to the conclusion that in doing so it was done as an incident to the equalization in valuation of the different properties in the county. It also discloses that they did not make the reductions themselves, but ordered them to be made, as required by the laws of 1902; also, that they were in session during the proper time; that they gave the proper notices and it discloses nothing which shows any act performed in conflict with the provisions of the Revenue Law of 1902, and under the circumstances of this case it ought not to be overcome by presumptions, or inuendoes, or even by statements made in the minutes pertaining to other matters

which their record as a whole discloses that they in fact did not attempt to do.

The plaintiff offered to prove by one witness that at the time of the hearing before the board of county commissioners upon its claim for a refund of this tax, a Mr. Bradley, who was chairman of the board at the time of the order for the increase of 1903 and who was also chairman at the time of the presentation of the claim for the refund of the taxes, stated that the board made the increase assessment from their estimate of the value of the stock without considering the valuation of other similar personal property in La Plata County. An objection was sustained to this testimony. Complaint is made to this ruling. We find no error in this respect. If admitted it would only show that Mr. Bradley, not under oath, at one time made a statement that years prior thereto the county board of equalization of La Plata county in ordering this increase did so without considering the valuation of other similar personal property. There was no evidence to the effect that there was other similar property, but a more fatal defect to the relevancy of this evidence, as well as to the plaintiff's entire case, is that there is no evidence to the effect that this property, after the raise, was then assessed at a greater value than that of other property similarly situated, or that the assessment when increased was excessive, or unjust, or out of proportion as compared to the valuation fixed upon any other taxable property in the county.

It is not to be presumed that the officers of the law violated their duty. The presumption is that the board performed its duty when it raised the valuation of the plaintiff's stock, besides it is very questionable if the unsworn statement of a member of one board made at one time can be received to impeach the record of another

board, at another time, of which he was a member; or while acting as a county commissioner any unsworn statement of his can be received that would tend to impeach the doing of another and distinct board, to wit, the county board of equalization, the constitutional duties and functions of which are entirely different from those of the board of county commissioners.

Perceiving no prejudicial error the judgment is affirmed.

*Affirmed.*

Mr. Justice Musser and Mr. Justice Garrigues concur.